# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

**v.**                                  **Case No. 2:18-CR-172**
                                        **JUDGE EDMUND A. SARGUS, JR.**

**JORDAN I. MAKOWSKI,**

              **Defendant.**

## ORDER

This matter is before the Court on the Government's Motion to Amend the previously issued Judgment Order. (ECF No. 74.)

The Court's Amended Judgment Order (ECF No. 47) that is the subject of the Government's Motion to Amend included a special instruction on the payment of monetary penalties. Section F of the Schedule of Payments states:

> While incarcerated, if the defendant is working in a non-UNICOR or Grade 5 UNICOR job, defendant shall pay $25 per quarter toward defendant's restitution obligation. If working in a Grade 1–4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's restitution obligation. Any change in the schedule shall be made only by order of this Court.

(Special Instruction F, ECF No. 47, PageID 248.) Later, the Court issued an Agreed Order, which documented the parties' agreement on restitution. That Order stated that the total restitution payment of $14,500 was "due immediately." (ECF No. 68, PageID 341.)

In its Motion to Amend, the Government explains that it "recently learned that, despite the language of the subsequently issued Agreed Order, the Bureau of Prisons (BOP), is limited by the special instruction regarding payment of monetary penalties contained in the Amended Judgment Order." (ECF No. 74, PageID 359.) The Government continues that, the BOP facility where Defendant is housed no longer has the type of UNICOR jobs for prisoners described in the special

instruction. (*Id.*) Still Defendant is working at that BOP facility, "receive[ing] approximately $70 per month for that work, and is receiving other funds from friends or family members that result in him having an average of $2,000 in his BOP account every six months." (*Id.*) Yet, because of the Special Instruction F, BOP officials are prevented from using Defendant's funds to pay any greater amount of restitution than the $25 per quarter described in it. (*Id.*) Without Special Instruction F, BOP policies would allow BOP officials to utilize the funds Defendant is receiving to pay up to $175 per month toward his restitution obligations. (*Id.*)

Upon receipt of the Government's Motion to Amend, Mr. Makowski filed a *pro se* motion requesting that the Court appoint him counsel to oppose the Government's Motion, which this Court granted. (ECF Nos. 75, 76.) Once appointed, defense counsel filed a response brief stating "[a]fter a careful review of the record," he was "unable to identify a non-frivolous objection to the government's request." (ECF No. 78.)

The Government's Motion to Amend is well-taken. A sentencing court retains the authority to modify a payment schedule under 18 U.S.C. § 3664(k). *United States v. Carson*, 55 F.4th 1053, 1056 (6th Cir. 2022); 18 U.S.C. § 3664(k) ("The court may also accept notification of a material change in the defendant's economic circumstances from the United States . . . . Upon receipt of the notification, the court may, on its own motion, . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require.").

The Court therefore **GRANTS** the Government's Motion to Amend and **ORDERS** as follows:

- Special Instruction F in the Amended Judgment Order (ECF No. 47) is eliminated.

- Defendant's restitution obligation in the amount of $14,500 while in the custody of the BOP is due in accordance with BOP policies under the Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10–545.11.

All other terms outlined in the Amended Judgment Order (ECF No. 47) will remain in full force as previously imposed. This case remains closed.

**IT IS SO ORDERED.**


10/21/2024                            **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**